UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATEO JOSE-GOMEZ (A# 245-796-192),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-07619 DC SCR

ORDER AND AMENDED FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). In the original findings and recommendations (ECF No. 9), the undersigned recommended Petitioner's procedural due process claim be granted and Respondent be ordered to immediately release him. However, the order clause erroneously included language recommended Petitioner receive a constitutionally adequate bond hearing. These amended findings and recommendations correct that error.

**I. Factual and Procedural History**

Petitioner is a citizen and national of Guatemala who entered the United States without inspection on an unknown date and time. On February 5, 2024, U.S. Customs and Border Patrol agents encountered Petitioner near Saasabe, Arizona, and took him into custody. ECF No. 7 at 13

(Form I-213). On February 6, 2024, immigration officials issued Petitioner a Notice to Appear ("NTA") and an Order of Release on Recognizance. Id. On July 17, 2024, an immigration judge ("IJ") dismissed the case for failure to prosecute. Id.

On July 25, 2026, local law enforcement arrested Petitioner for entering property of another for purpose of damaging it or interfering with the rights of the owner under Virginia Code § 18.2-121, a Class 1 misdemeanor. ECF No. 7 at 19 (FBI rap sheet). On August 26, 2026, the Roanoke City General District Court convicted Petitioner and imposed an 11-month sentence with 9 months suspended. Id. On the same date, Immigrations and Custom Enforcement ("ICE") issued Petitioner an NTA administratively charging him as inadmissible under 8 U.S.C. §§ 1182(a)(6) (noncitizen present without admission or parole) and 1182(a)(7) (noncitizen not in possession of valid entry document). Id. at 6 (NTA). Petitioner states ICE arrested him on September 2, 2026. ECF No. 1 at 8. He is currently detained in the California City Detention Center within this judicia district. Id. at 1.

Petitioner filed this petition on September 18, 2026, challenging his detention without a pre-deprivation hearing under the Due Process Clause of the Fifth Amendment. ECF No. 1 at 8. Regarding his arrest, Petitioner states he was coming back from a birthday party and mistook another home for his own. Id. He knocked on the wrong door and the homeowner called the police. Id. Petitioner claims he has a liberty interest from living freely for two years and seeks release or, in the alternative, a bond hearing in which the government must establish his risk of danger or flight by clear and convincing evidence. Id. at 7-8. Respondent opposes the petition and argues that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a). ECF No. 7 at 2-3. Respondent maintains that § 1226(a)'s procedures as constitutional as applied to Petitioner and that he should be required to motion the immigration court for a bond hearing. Id. (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 120714 (9th Cir. 2022).

## II. Legal Standards

### A. Constitutional Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful,

temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

**B. Statutory Detention Authority**

The Supreme Court described the detention statute at issue in this case, 8 U.S.C. § 1226, in Jennings v. Rodriguez, 583 U.S. 281 (2018):

> Section 1226 generally governs the process of arresting and detaining that group of [non-citizens] pending their removal . . . Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of [a non-citizen] 'pending a decision on whether the [non-citizen] is to be removed from the United States.' § 1226(a). 'Except as provided in subsection (c) of this section,' the Attorney General 'may release' [a non-citizen] detained under § 1226(a) 'on ...bond' or 'conditional parole.'

Jennings, 583 U.S. at 288.[1]

---

[1] The undersigned changed "alien" to "non-citizen" in these passages. This has become commonplace among jurists at the Supreme Court and Ninth Circuit in recent years. See Patel v. Garland, 596 U.S. 328 (2022) (Barrett, J.); United States v. Palomar-Santiago, 593 U.S. 321 (2021) (Sotomayor, J.); Barton v. Barr, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This

"When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an IJ "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After a custody redetermination hearing, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

**III. Analysis**

That Petitioner is detained under § 1226(a) does not resolve his due process challenge to his arrest without pre-deprivation hearing. "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." Rico-Tapia v. Smith, 806 F. Supp. 3d 1166, 1182 (D. Haw. 2025). "The Due Process Clause generally 'requires some kind of a hearing before the State deprives a person of liberty or property.'" Kharitonova v. Albarran, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (citing Zinermon v. Burch, 494 U.S. 113, 127 (1990)); see also Guillermo M. R. v. Kaiser, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. Jul. 17, 2025) ("[A]bsent evidence of urgent concerns, a pre-deprivation hearing is required to satisfy due process.") (emphasis in original).

The Ninth Circuit's holding in Rodriguez Diaz is not to the contrary. "Rodriguez Diaz's holding that a "bond hearing provided under section 1226(a) provides constitutionally sufficient process" is limited to "those noncitizens who have never previously been detained and released by DHS[.]" Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025); see also Gagik T. v. Chestnut, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026)

---

opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.' " (citing 8 U.S.C. § 1101(a)(3))); Avilez v. Garland, 69 F.4th 525 (9th Cir. 2023); Arce v. United States, 899 F.3d 796 (9th Cir. 2018).

(Rodriguez Diaz addressed the adequacy of the burden allocation at a bond hearing for a person *already in custody*; it did not consider whether the Government may seize a person after years of government-sanctioned liberty without affording any prior process.") (emphasis in original).

Turning to the due process analysis, Petitioner's February 2024 release on recognizance established a protected liberty interest in his continued freedom from detention. See Tinoco v. Noem, 818 F. Supp. 3d 1141, 1151 (E.D. Cal. 2025); Labrador-Prato v. Noem, 815 F. Supp. 3d 1113, 1121 (E.D. Cal. 2025). As for the procedures necessary to safeguard that interest, in order for the government to re-detain a noncitizen who has been previously released on an order of recognizance under 8 U.S.C. § 1226(a), the government must generally provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. See Tinoco, 818 F. Supp. 3d at 1152-53 (granting motion for temporary restraining order based on likelihood of success on the merits of similar due process claim); Labrador-Prato, 815 F. Supp. 3d at 1121-22 (same); Altin v. Chestnut, No. 1:26-CV-00792-DC-CSK (HC), 2026 WL 309563, at *6-*7 (E.D. Cal. Feb. 5, 2026) (same). Accordingly, the undersigned finds that Petitioner's re-arrest without pre-deprivation procedures violated procedural due process.

Petitioner's conviction under Virginia Code § 18.2-121 may be relevant to the ultimate flight risk and danger analysis at a detention hearing. However, Respondent has not made any argument that Petitioner poses a risk of flight or current danger. Nor has Respondent addressed the impact that Petitioner's criminal history should have on his request for relief. "[T]here is no evidence, nor has respondent presented any argument, suggesting that there was 'the necessity of quick action' by ICE such that petitioner could not have been provided a pre-deprivation hearing after being released from local custody." Hidalgo v. Warden, No. 1:26-cv-3511-DC-JDP, 2026 WL 1707795, *1 (E.D. Cal. June 12, 2026) (citations omitted). Accordingly, the undersigned recommends that the petition be granted and Respondent be ordered to immediately release Petitioner.

////

////

////

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 8) is GRANTED; and

2. The findings and recommendations issued on October 15, 2026 (ECF No. 9), are VACATED.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED on its sole procedural due process claim.

2. Respondents be ordered to immediately release Petitioner MATEO JOSE-GOMEZ (A# 245-796-192), from their custody and to return all of Petitioner's documents and possessions at the time of release.

3. Respondents be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. The final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

    a. Serve a copy of any release order on the California City Immigration Processing Center; and

    b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period

is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE